**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIANG HE,<br><br>      Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 13-71517<br><br>Agency No. A089-884-720<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Liang He, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant the petition for review and remand.

Substantial evidence does not support the BIA's adverse credibility finding based on either an alleged discrepancy and/or vague testimony regarding his marriage, because the findings are not supported by the record. *See Ren v. Holder*, 648 F.3d 1079, 1084-85 (9th Cir. 2011) (under the REAL ID Act, the agency must provide specific and cogent reasons in support of an adverse credibility decision); *see also Lai v. Holder,* 773 F.3d 966, 976 (9th Cir. 2014) ("[W]hen an IJ's other reasons for finding an asylum applicant not credible are not supported by substantial evidence, the applicant, being otherwise credible, is entitled to notice that [s]he needs to produce corroborative evidence and an opportunity to either produce the evidence or explain why it is unavailable."). Thus, we grant the petition for review and remand to the agency, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**